UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| FRANK C. BROWN, JR., | ) | CASE NO. 1:10 CV 1736 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CORRECTIONS OFFICER | ) | AND ORDER |
| PORTER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Frank C. Brown, Jr., filed the above-captioned action under 42 U.S.C. §1983 against Mansfield Correctional Institution (MANCI) Corrections Officer Porter, MANCI Lieutenant Moroney, MANCI Corrections Officer John Doe I, MANCI Corrections Officer John Doe II, and MANCI Institutional Inspector Sharon Berry. In the complaint, plaintiff alleges the defendants did not adequately respond to incidents of abuse by other inmates, and destroyed some of his personal property during his transfer to another institution. He seeks compensatory and punitive damages.

Mr. Brown also filed a "Civil Rule 65 Motion for Temporary Restraining Order and/or Preliminary Injunction Hearing as Per FRCVP Rule 65" (ECF #3) on August 9, 2010. In the Motion, he contends the staff at the London Correctional Institution have retaliated against him for using the grievance system. He asks this Court to enjoin employees of that correctional institution.

## Background

Mr. Brown alleges he was the victim of abuse by other inmates. He contends he filed a civil action against Inmate Balnius, and in return Balnius paid a prison gang to kill him. He states that on March 2, 2008, two inmates entered his cell and threatened him. They damaged his typewriter and stole some of his commissary items. When they went to leave, they discovered they were locked into the cell and were forced to wait there until the next scheduled move. A passing corrections officer unlocked the door to let them out. Plaintiff was told not to leave his cell or he would be attacked. Mr. Brown filed a grievance on March 12, 2008 and requested placement in protective custody on March 16, 2008. His request was denied.

The incidents of inmate harassment continued. On May 31, 2008, Mr. Brown was attacked by another inmate as he attempted to leave the dining hall. He received a conduct report and was placed in segregation. A few days after his release from segregation, Mr. Brown returned to his cell to find his typewriter smashed. Other property was missing. He filed an Inmate Theft Report. He also filed grievances, but did not receive relief from either of these sources. Mr. Brown was informed on July 31, 2008 that he was being transferred to the London Correctional Institution ("LOCI") the next day.

Mr. Brown claims some of his property was destroyed in the moving process. He contends Officer Porter went through his legal and personal items on August 1, 2008 and discarded some of them. He indicates Lieutenant Moroney supported Officer Porter's actions. He filed grievances against the officers but he did not obtain the relief he requested.

Although Mr. Brown purports to assert six claims for relief, only four causes of action are stated. First, he contends he was denied the ability "to access and grieve the conditions of his environment in a court of law." (Compl. at 10-11.). Second, he asserts the Defendants denied him

due process. Third, he asserts violations of the Eighth Amendment. Finally, he claims he was denied equal protection.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

**<u>Statute of Limitations</u>**

All of Plaintiff's claims, with the exception of those associated with the destruction of property on August 1, 2008, are barred by the applicable statute of limitations. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). This action was filed on August 9, 2010. The actions alleged in the complaint, which took place between March 2, 2008 and Jule 31, 2008, are beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing those claims to go forward in view of the fact that they are clearly time-barred. *See Fraley*

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998)(affirming *sua sponte* dismissal of *pro se* §1983 action filed after two year statute of limitations for bringing such an action had expired).

Mr. Brown alleges some of his property was confiscated or destroyed on the date of his prison transfer on August 1, 2008. While this event took place more than two years ago, the statute of limitations period was tolled during the time in which his administrative grievances were pending. See *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir.2000); *Harris v. Hegmann*, 198 F.3d 153, 157-59 (5th Cir.1999); *see also Waters v. Evans*, No. 03-6576, 2004 WL 1763226 (6th Cir. Aug. 4, 2004). His administrative remedies for the confiscation or destruction of his property prior to his transfer were not completed until April 2, 2009. This claim is therefore timely filed.[2]

**Access to Courts**

Mr. Brown asserts that he was denied access to the courts. To state a claim for denial of access to the courts, Mr. Brown must demonstrate he suffered actual injury as a result of the actions of Officer Porter and Lieutenant Moroney on August 1, 2008. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Furthermore, the injury requirement is not satisfied by just any type of frustrated legal claim. *Id*. A prison official may be held liable for the deprivation of this First Amendment right only to the extent that his or her actions prevented a prisoner from pursuing or caused the rejection of specific non-frivolous direct appeals, habeas corpus applications, or civil rights actions. *Id*.; *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999). "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and

---

[2] Mr. Brown's administrative remedies pertaining to the other incidents alleged in the Complaint were completed prior to August 9, 2008. Those claims are therefore time-barred.

incarceration."[3] *Id.* at 355.

Mr. Brown does not allege that the actions of these defendants prevented him from pursuing a direct appeal, a habeas corpus action, or a civil rights action. He indicates in his exhibits that some of the destroyed legal documents pertained to his lawsuit against inmate Balnius for slander. This type of litigation is not protected by the First Amendment's guarantee of access to the courts. There are no other allegations of an actual injury to specific litigation as a result of the defendants' actions.

### Due Process

Mr. Brown also contends he was denied due process before his property was confiscated or destroyed. The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the state of a person's life, liberty or property. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations which are conducted without due process are subject to suit under 42 U.S.C. § 1983. *Id.*

### Procedural Due Process

As an initial matter, it is not clear whether Mr. Brown intends to assert a claim for

---

[3] The Supreme Court stressed that the First Amendment does not guarantee prisoners the ability to transform themselves into "litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis*, 518 U.S. at 355.

5

procedural due process, substantive due process, or both. To the extent he intends to assert a procedural due process claim, it is subject to dismissal. Mr. Brown must plead and prove either that he was deprived of liberty or property as a result of an established state procedure that itself violates due process rights; or that the defendants deprived him of liberty or property pursuant to a random and unauthorized act and available state remedies would not be adequate to redress the deprivation. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983). Mr. Brown is not challenging an established state procedure, statute or local ordinance. Instead, he is asserting he was deprived of personal property due to unauthorized acts of the defendants.

To state a procedural due process claim based upon alleged unauthorized acts of the defendants, Mr. Brown must also plead and prove that state remedies for redressing the wrong are inadequate. *Macene*, 951 F.2d at 706; *Vicory*, 721 F.2d at 1064. A remedy is available in the Ohio Court of Claims. *See Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir.1989). He has not claimed the state remedy was inadequate. He therefore has not stated a claim for denial of procedural due process.

**Substantive Due Process**

To the extent Mr. Brown intended to assert a substantive due process claim, it too is subject to dismissal. Under the doctrine of substantive due process, various portions of the Bill of Rights have been incorporated into the Fourteenth Amendment's limits on the power of the states as being "implicit in the concept of ordered liberty." *Palko v. Connecticut*, 302 U.S. 319, 325 (1937). Due process claims of this nature involve official acts which cause a deprivation of a substantive right specified in the Constitution or a federal statute. *Mertik v. Blalock*, 983 F.2d 1353,1367 (6th Cir. 1993). In addition, under substantive due process, courts have invalidated laws or actions of

government officials that "shock the conscience." *See United States v. Salerno*, 481 U.S. 739, 746 (1987). These actions are unconstitutional regardless of the procedural protections provided. *Parate v. Isibor*, 868 F.2d 821, 832 (6th Cir. 1989). A citizen, however, does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a state agent. *Id.* at 833. The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id.*

Mr. Brown does not assert a deprivation of another right specified in the Constitution and does not allege conduct so severe that it shocks the conscience. Where the plaintiff does not provide facts to support either of these theories of recovery, his substantive due process claim will survive only if the state's action was not rationally related to a legitimate state interest. *See e.g., Reno v. Flores*, 507 U.S. 292, 301-05 (1993). Mr. Brown was in possession of significantly more property than he was permitted. The Disposition of Grievance indicates that some of his excess legal material was boxed and mailed to LOCI. Other property that Mr. Brown did not want to send home was destroyed. Limiting the amount of material inmates can accumulate in a cell is rationally related to the health, safety and sanitation of the institution, which is a legitimate state interest. Mr. Brown fails to set forth facts to assert a substantive due process claim.

### Eighth Amendment

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious

deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Mr. Brown fails to establish the objective component of his claim. An Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *see also Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir.1996). In sum, this prong of the Eighth Amendment affords protection against conditions of confinement which constitute health threats, but not against those which cause mere discomfort or inconvenience. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation). Mr. Brown contends his excess personal property was confiscated or destroyed. This is not the type of deprivation which triggers Eighth Amendment scrutiny.

### Equal Protection

Finally, Mr. Brown asserts he was denied equal protection. He provides no allegations or explanations to support this claim. It is stated solely as a legal conclusion. Under Federal Rule of

8

Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). Rule 8 does not require the plaintiff to provide detailed factual allegations, but it does demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A pleading that offers only legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard *Id.* Mr. Brown's equal protection claim does not contain sufficient information to meet the standard of Rule 8.

## Motion for Temporary Restraining Order/Preliminary Injunction

In addition to the Complaint, Mr. Brown filed a Motion for Temporary Restraining Order and/or Preliminary Injunction. This Motion seeks relief against the LOCI Warden, who is not named as a defendant in the action. This Court cannot restrain a person who is not a party to this case.

Moreover, the Motion concerns events that are not part of this case. All of the events described in the Motion took place at LOCI after Mr. Brown's transfer. To the extent Mr. Brown is seeking to supplement his pleading with claim against the LOCI, he cannot proceed with this request. A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Ms. Timmer-Cooper appears to be a resident of the Southern District of Ohio and incidents described in the Motion all took place in the Southern District of Ohio. The United States District Court for the Northern District of Ohio is not the proper venue to hear these claims.

Finally the Court notes that Mr Brown already filed two cases in the Southern District of Ohio against the LOCI Warden which assert similar claims based on the same incidents described in the Motion.  *See Brown v. Parrish*, No. 2:10 CV 352 (S.D. Ohio filed April 23, 2010)(Frost, J.); *Brown v. Timmer-Cooper*, No. 2:10 CV 283 (S.D. Ohio filed April 12, 2010)(Kemp, J.).  Any requests for temporary relief can be filed and considered in those cases.

## Conclusion

Accordingly, the "Civil Rule 65 Motion for Temporary Restraining Order and/or Preliminary Injunction Hearing as Per FRCVP Rule 65" (EFC# 3) is denied and this action is dismissed pursuant to 28 U.S.C. § 1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

                                  */s/Dan Aaron Polster 9/28/10*
                                  DAN AARON POLSTER
                                  UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.